UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                             :

MANUEL PETROLINO GUACHIAC TAMBRIZ,   :

                                             :

                Petitioner,        :

                                             :           26-CV-4247 (JMF)

      -v-                                :

                                             :      MEMORANDUM OPINION

TODD BLANCHE et al.,                  :         AND ORDER

                                           :

                Respondents.     :

                                           :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On May 20, 2026, Petitioner Manuel Petrolino Guachiac Tambriz, through counsel, filed the instant Petition for the writ of habeas corpus seeking immediate release from immigration custody.  *See* ECF No. 1 ("Petn.").  Respondents filed their opposition to the Petition on May 28, 2026.  *See* ECF No. 11 ("Resps.' Opp'n").  Petitioner did not file a reply by the deadline of June 1, 2026, *see* ECF No. 8, so the matter is fully submitted.

Upon review of the parties' submissions, the Petition is DENIED, substantially for the reasons set forth in Respondents' opposition.  Put simply, the record reveals that Petitioner, who has now been detained for about three weeks, *see* Resps.' Opp'n 4, has received all the process to which he is due to this point.  Respondents made an individualized determination to detain him when they filed a detainer upon his detention by New York State on criminal charges and then reaffirmed that determination, under 8 U.S.C. § 1226, within forty-eight hours of his being released from prison and taken into immigration custody.  *See* Resps.' Opp'n 4-5, 9-11; ECF No. 10, ¶¶ 30, 32-35; ECF Nos. 12-8 and 9; *see also, e.g., Vizhco Chunchi v. Francis*, No. 25-CV-10249 (ER), 2026 WL 249676, at *3 (S.D.N.Y. Jan. 30, 2026) ("The fact that ICE lodged a detainer against [the petitioner] after his arrest by the police suggests that ICE engaged in

individualized assessment before detaining him." (collecting cases)); *Sergeev v. Orange Cnty. Jail,* No. 26-CV-3280 (JPO), 2026 WL 1382958, at *4 (S.D.N.Y. May 18, 2026) ("[A]lthough ICE has some discretion in determining whether to detain a noncitizen under § 1226(a), due process still requires that such discretion actually be exercised — i.e., that some determination actually be made." (internal quotation marks omitted)); *cf. Silva Rueda v. Catletti*, No. 26-CV-2977 (VSB), 2026 WL 1194956, at *3 (S.D.N.Y. May 1, 2026) (finding no evidence of an individualized determination and thus that a noncitizen's detention pursuant to Section 1226(a) violated due process where ICE had lodged a detainer upon the noncitizen's arrest but "took no further action to arrest [the] [p]etitioner until his routine check in two months later").

Additionally, Petitioner has the right to an individualized bond hearing. *See* Resps.' Opp'n 8, 11-12; *see also* 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d)(1). Having received an individualized determination in the first instance, Petitioner has no basis to challenge his detention in federal court until he avails himself of that right. *See* Resps.' Opp'n 12, 14 & nn.7-8 (noting that the petitioner has not submitted a scheduling request for a bond hearing to the immigration court); *see also, e.g.*, *Fontanelli ex rel. Bernal Garcia v. Francis*, No. 25-CV-07715 (JLR), 2025 WL 2773234, at *5-8 (S.D.N.Y. Sept. 29, 2025) (denying habeas petition brought by a Section 1226(a) detainee who had received an individualized determination for failing to exhaust administrative remedies); *cf., e.g.*, *Pastrana-Beltran v. Mullin,* No. 26-CV-2657 (RER), 2026 WL 1398609, at *2-3 (E.D.N.Y. May 19, 2026) (excusing administrative exhaustion of a petitioner who was "denied a custody determination before or contemporaneous with his . . . arrest").

Petitioner's arguments to the contrary are meritless, if not frivolous. Indeed, as Respondents note, the Petition is filled with both false factual assertions — for instance, that

2

Petitioner was "seized at his job . . . without probable cause," Petn. ¶ 91 (emphasis omitted); that Respondents "did not identify the asserted statutory basis for arrest at the time of detention," *id.* ¶ 27; and that Respondents assert "he is not entitled to any hearing whatsoever," *id.* ¶ 15 — and lengthy discussions of irrelevant law — for instance, about Respondents' assertions in other cases, though not this one, that detention was mandated by 8 U.S.C. § 1225(b)(2)(A). *See* Resps.' Opp'n 1, 9 n.4. This kind of cut-and-paste lawyering — for which Petitioner's counsel has been chastised before, *see, e.g.*, *Tuba Pulla v. Lyons*, No. 26-CV-2682 (MKV), 2026 WL 906251, at *1 (S.D.N.Y. Apr. 1, 2026) — is unacceptable under any circumstances. It is all the more unacceptable when the courts have been flooded with meritorious immigration habeas petitions, *see, e.g.*, *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 & n.22 (S.D.N.Y. 2025) (collecting hundreds of habeas cases successfully challenging the Government's interpretation of Section 1225(b)(2)(A)), as it diverts precious resources from cases that call for immediate attention. Counsel is cautioned that failure to do better in the future may result in sanctions.

For the foregoing reasons, the Petition must be and is DENIED. The Clerk of Court is directed to enter judgment in favor of Respondents, to terminate ECF No. 2, and to close the case.

SO ORDERED.

Dated: June 9, 2026
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

3