UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                :

MANUEL PETROLINO GUACHIAC TAMBRIZ,    :
                                :

              Petitioner,       :

                                :          26-CV-4247 (JMF)
       -v-                  :

                                :     <u>MEMORANDUM OPINION</u>
TODD BLANCHE et al.,              :       <u>AND ORDER</u>

                                :

           Respondents.     :

                                :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On May 20, 2026, Petitioner Manuel Petrolino Guachiac Tambriz, through counsel, filed a Petition for the writ of habeas corpus seeking immediate release from immigration custody. *See* ECF No. 1. Respondents filed their opposition to the Petition on May 28, 2026, *see* ECF No. 11, and Petitioner failed to file a reply. In a Memorandum Opinion and Order entered on June 9, 2026, the Court denied the Petition, substantially for the reasons set forth in Respondents' opposition. *See* ECF No. 13, at 1. "Put simply," the Court reasoned, "the record reveal[ed] that Petitioner . . . ha[d] received all the process to which he is due to this point." *Id.* Moreover, the Court continued, Petitioner "has the right to an individualized bond hearing. . . . Having received an individualized determination in the first instance, Petitioner has no basis to challenge his detention in federal court until he avails himself of that right." *Id.* at 2. The Court called Petitioner's arguments to the contrary "meritless, if not frivolous." *Id.*

On July 6, 2026, Petitioner filed a motion — pursuant to, among other things, Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure — seeking "an order altering or amending the . . . judgment, reopening this habeas action, accepting [a] Proposed Amended/Supplemental Petition for Writ of Habeas Corpus . . . , and permitting the petition to proceed on the complete

detention record." ECF No. 15, at 1. Once again, Respondents filed an opposition, *see* ECF No. 17 ("Resps.' Opp'n"), and Petitioner failed to file a reply. Once again, the motion is denied. Whatever the basis or bases of Petitioner's motion may be, he is not entitled to relief where, as here, he had the opportunity to raise his arguments prior to the Court's June 9, 2026 ruling. *See, e.g.*, *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." (cleaned up)). Nor, in any event, does Petitioner — who apparently still has not availed himself of his conceded right to an individualized bond hearing, *see* Resps.' Opp'n 5-6 — provide any reason to question that ruling.

For these reasons, Petitioner's motion is DENIED. The Clerk of Court is directed to terminate ECF No. 15.

SO ORDERED.

Dated: July 24, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2